UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ZEAL RESERVE CAPITAL PARTNERS, LP, a limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>SUDRANIA FUND SERVICES CORP., an Illinois corporation aka FORMIDIUM; FORMIDIUM CORP., a Delaware corporation,<br><br>Defendants. | Case No.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, ZEAL RESERVE CAPITAL PARTNERS, LP (*"ZRCP"*), a California limited partnership, brings this Complaint seeking monetary, punitive and exemplary damages against Defendants SUDRANIA FUND SERVICES CORP., an Illinois corporation (*"Sudrania Corp."*) and FORMIDIUM CORP., a Delaware corporation (*"Formidium Corp."*) and any other relief provided for by law. In support of its Complaint, Plaintiff states the following:

**THE PARTIES**

1. Plaintiff ZRCP is a limited partnership formed and based in the County of Los Angeles, State of California. ZRCP is a hedge fund management company whose funds trade in the cryptocurrency space.

2. Plaintiff is informed and believes and thereon alleges that Defendant Sudrania Corp., also known as Formidium, is an Illinois corporation with its principal place of business located in the County of DuPage, State of Illinois. Plaintiff is informed and believes and thereon alleges that, on or about June 2, 2022, Sudrania Corp. re-branded itself and started doing business by the assumed name Formidium Corp. Plaintiff is informed and believes and thereon alleges that

Seamless Crypto, a business entity of unknown form and origin based out of Mumbai, India, is a wholly owned subsidiary of Sudrania Corp. and/or Formidium Corp.

3. Plaintiff is informed and believes and thereon alleges that Defendant Formidium Corp. is a Delaware corporation with its principal place of business located in the County of DuPage, State of Illinois. Plaintiff is informed and believes and thereon alleges that Formidium Corp. is not in good standing in Illinois. (For the purposes of this Complaint, Sudrania Corp., Formidium Corp. and Seamless Crypto will be collectively referred to as *"Formidium"*).

4. Plaintiff is informed and believes and thereon alleges that the shareholders of Sudrania Corp. are also the majority, if not sole, shareholders of Formidium Corp. Plaintiff is informed and believes and thereon alleges that Formidium Corp. is a corporation which is not in good standing in Illinois, and that its registration with the Securities and Exchange Commission has been revoked. Plaintiff is further informed and believes and thereon alleges that Sudrania Corp. is the alter ego of Formidium Corp.

### JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant 18 U.S.C. § 1030 - the Computer Fraud and Abuse Act.

6. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. The Court has ancillary jurisdiction over the state law claims pursuant to 28 U.S.C. 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d), and 1400(a).

### GENERAL ALLEGATIONS

9. Plaintiff ZRCP is a hedge fund manager who established and operated two hedge funds which operated in the cryptocurrency space. As part of its business model, investors

purchase shares of its hedge funds. The monies received by ZRCP are then used to trade (buy and sell) cryptocurrencies on behalf of its hedge funds.

10. Defendant Formidium markets itself as a Fund Services Provider which provides several different services to its hedge fund clients, including, but not limited to, fund accounting services (which include the maintenance of a full ledger of all trading and non-trading activity, the maintenance of full portfolio and fund accounting records which are made available to the client, auditor, regulator, etc. and the reconciliation of trades positions and case balances to prime broker/custodian).

11. As of April 2021, ZRCP effectuated trades of cryptocurrencies through accounts which it maintained on computer systems through a company called sFox, Inc. (*"sFox"*), and on sFox's dedicated website.

12. On or about April 21, 2021, ZRCP and Formidium entered into a Master Services Agreement (*"MSA"*). Pursuant to the MSA, Formidium agreed to act as a fund administrator for ZRCP, and to provide fund accounting services on ZRCP's behalf, and at its behest. At no time was Formidium ever authorized to engage in the trading of cryptocurrencies on ZRCP's behalf.

13. In furtherance of its duties as ZRCP's Fund Services Provider, Formidium requested that ZRCP provide it with ZRCP's application programming interface (*"API"*) key to its accounts with sFox. Accordingly, ZRCP provided Formidium with the API key for the account of one of its principals, Samuel Borghese (*"Borghese"*). From July of 2021 to May of 2023, Formidium provided fund accounting services on behalf of ZRCP and at ZRCP's direction utilizing Borghese's API Key, without incident.

14. Plaintiff is informed and believes and thereon alleges that in the early morning hours on or about May 21, 2023, sFox's computer systems and website were accessed by a user using Borghese's API Key, from internet protocol address (*"IP Address"*) 3.6.85.215. Plaintiff is

informed and believes and thereon alleges that said IP Address is that of Seamless Crypto. The user who accessed sFox's computer system and website using Borghese's API Key accessed the account balance and purchased crytocurrency between 3:06 a.m. and 4:35 a.m. that morning without ZRCP's authorization or consent. ZRCP is informed and believes and thereon alleges that, at or around 4:36 a.m. that day, the user purchased 100 units of the cryptocurrency Ethereum (*"ETH"*) (at the cost of approximately $180,000 U.S.), and immediately requested the withdrawal of the 100 ETH to the user's own crypto wallet, without ZRCP's authorization or consent, from ZRCP's account. sFox improvidently approved the request.

15. Plaintiff is informed and believes and thereon alleges that, on May 21, 2023, between approximately 4:45 a.m., and 5:13 a.m., a user at the same Seamless Crypto IP Address utilizing Borghese's API Key accessed sFox's computer system and website without ZRCP's authorization or consent and attempted to withdraw 25 ETH and 10 ETH respectively from ZRCP's account. sFox sent Borghese emails requesting approval to withdraw the 35 units of Ethereum (*"35 ETH"*) to the user's crypto wallet. Borghese immediately advised sFox that it should not transfer the cryptocurrency as the buy and withdrawal orders were not authorized or approved by ZRCP.

16. Plaintiff is informed and believes and thereon alleges that, on May 21, 2023, at approximately 11:50 a.m. Pacific Time, a user at the same Seamless Crypto IP Address accessed sFox's computer system and website without ZRCP's authorization or consent and requested that sFox withdraw another 30 ETH to the user's crypto wallet from ZRCP's account. sFox then, again, improvidently withdrew the 30 ETH (valued at approximately $64,000 U.S.) without ever reaching out to ZRCP to request authorization or approval for the transaction. Shortly thereafter, Borghese learned of the second transaction and notified sFox that the same was not authorized or approved.

17. Plaintiff is informed and believes and thereon alleges that, sometime from May 21, 2023 to shortly thereafter, sFox reviewed its access log and learned that the aforementioned transactions came from IP Address 3.6.85.215, which was identified as the IP address for Seamless Crypto. Plaintiff is further informed and believes and thereon alleges that sFox visited the IP address 3.6.85.215, whereby it was taken to a website for Seamless Crypto. Plaintiff is further informed and believes that within a short period of time the Seamless Crypto website had been taken offline by Formidium, never to be reinstated.

18. Formidium's Chief Executive Officer, Nilesh Sudrania, has confirmed that Seamless Crypto is a company which was owned and operated by Formidium.

19. To date, as a legal result of the foregoing, Plaintiff has sustained losses of approximately $244,000 as a result of the unauthorized access to its account on sFox's computer system and website, and withdrawal of 130 ETH by a user at Formidium's company Seamless Crypto from the IP address 3.6.85.215. Moreover, Plaintiff has sustained damages in excess of $1,400,000, which includes, but is not limited to damages for service fees paid to sFox and Formidium, fund closure expenses, lost labor expenses in creating and servicing the fund, labor costs in responding to the hack, lost further profits and investigation costs.

20. Plaintiff is informed and believes and thereon alleges that Formidium and/or its subsidiary, Seamless Crypto, exceeded its authorized access to ZRCP's account on sFox's computer system and website when it accessed same and withdrew 130 ETH to its crypto wallet using ZRCP's API Key without ZRCP's authorization or approval.

21. Accordingly, this action has followed.

### Claim I
### (Conversion)

22. Plaintiff incorporates by reference and realleges Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Formidium has wrongfully taken possession of specific, identifiable sums of money that rightfully belong to ZRCP, namely 130 ETH, which was valued at approximately $244,000 U.S. without Plaintiff's authorization or consent.

24. As set forth above, Plaintiff is informed and believes that Formidium wrongfully converted ZRCP's assets by causing 130 ETH to be transferred into its own name, or the name of companies which it owns and controls which are unrelated to and unaffiliated with ZRCP. Formidium has exercised possession and control of these cryptocurrencies as though it is the owner of same.

25. ZRCP has the right to the 130 ETH which Formidium wrongfully assumed control or dominion over.

26. ZRCP has the right to immediate possession of the 130 ETH absolutely and unconditionally.

27. ZRCP has demanded that Formidium turn possession of the 130 ETH over to ZRCP. Formidium has refused to do so. Formidium's conversion and refusal to return these sums have harmed ZRCP in the amount of at least $244,000 with interest thereon at the legal rate.

28. Formidium's actions have been and continue to be malicious, oppressive, and willful, and engaged in with conscious disregard for ZRCP and its investors, thus justifying an award of punitive and exemplary damages.

## CLAIM II
### (BREACH OF FIDUCIARY DUTY)

29. Plaintiff incorporates by reference and realleges Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

30. As Plaintiff's Fund Services Provider, Formidium owes fiduciary duties, including the duties of loyalty and care to ZRCP.

31. Formidium has breached its fiduciary duties to ZRCP in numerous and varied respects, including without limitation the following:

    a. Formidium engaged in cryptocurrency trades using ZRCP's assets without the authorization, consent, or approval of Plaintiff.

    b. Formidium stole 130 ETH from ZRCP.

    c. Formidium has attempted to conceal its actions from ZRCP by taking down the Seamless Crypto website in response to its learning that Plaintiff and sFox were aware that an unauthorized purchase and withdrawal of 100 ETH was made from a Seamless Crypto IP Address.

    d. Formidium concealed material facts relating to the events and transactions in question.

    e. Formidium engaged in self-dealing which placed its own interests over those of ZRCP.

    f. Formidium has refused to account to ZRCP.

32. As a direct and proximate result of Formidium's actions, ZRCP has been damaged in an amount to be proven at trial, but believed to exceed $1,400,000.00.

33. Upon information and belief, Formidium's actions have been and continue to be malicious, oppressive, and willful, and were engaged in with conscious disregard for ZRCP and its investors, thus justifying an award of punitive and exemplary damages.

## CLAIM III
## (CONSTRUCTIVE FRAUD)

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 21 inclusive of this Complaint as though fully set forth herein.

35. Formidium, by virtue of the trust and confidence placed in it by Plaintiff and having accepted that trust and confidence, owed Plaintiff a fiduciary duty including, but not limited to, an obligation to be truthful to Plaintiff, to avoid self-dealing, to act with the highest good faith, care

and loyalty, and to refrain from any activity which might injure or have the potential to injure Plaintiff.

36. Formidium, either on its own or through Seamless Crypto, a company which it owns and operates, abused the API Key to which Formidium was given access in trust, traded cryptocurrency on its own behalf using Plaintiff's assets and account at sFox, stole 130 ETH from ZRCP, and then tried to cover up its actions.

37. Formidium's unauthorized actions, theft, and concealment were a substantial factor in causing harm to Plaintiff for which relief is sought in this action.

38. As a direct and proximate result of Formidium' actions, ZRCP has been damaged in an amount to be proven at trial, but believed to exceed $1,400,000.00.

39. The Defendants engaged in this conduct with malice, fraud, and oppression. Plaintiff is therefore entitled to an award of punitive and exemplary damages.

## CLAIM IV
### (VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT - 18 U.S.C. § 1030)

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 21 inclusive of this Complaint as though fully set forth herein.

41. Plaintiff is informed and believes and thereon alleges that sFox's computers, including the computer system and website, were accessed by Formidium utilizing ZRCP's API Key either on its own or through a company which it owns and operates, Seamless Crypto, were used in interstate and foreign commerce and communication and, thus, are "protected computers" pursuant to the Computer Fraud and Abuse Act. Without authorization or consent, Formidium intentionally accessed sFox's protected computers, its databases and its website utilizing ZRCP's API Key and withdrew 130 ETH from ZRCP's account to Formidium or Seamless Crypto's crypto wallet, thereby causing loss to ZRCP aggregating at least $5,000 in value within a one-year period.

42. As a direct and proximate result of Formidium's actions, ZRCP has been damaged in an amount to be proven at trial, but believed to exceed $1,400,000.00.

43. The Defendants engaged in this conduct with malice, fraud, and oppression. Plaintiff is therefore entitled to an award of punitive and exemplary damages.

## CLAIM V
## (GROSS NEGLIGENCE)

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 21 inclusive of this Complaint as though fully set forth herein.

45. Defendant Formidium, as Plaintiff's agent - *i.e.* Fund Services Provider, owed a duty of care to ZRCP to only use its API Key for Plaintiff's benefit, and pursuant to Plaintiff's authorization and consent. Formidium also owed a duty of care to Plaintiff to not permit third parties to access or use Plaintiff's API Key to trade on Plaintiff's account at sFox without Plaintiff's authorization or consent.

46. Plaintiff is informed and believes and thereon alleges that Formidium breached its duty to ZRCP by, among other things: 1) using, or allowing a third party to access and use Plaintiff's API Key to trade cryptocurrencies without Plaintiff's authorization or consent; 2) withdrawing, or allowing a third party to withdraw 130ETH from Plaintiff's account at sFox; 3) failing to return cryptocurrencies which were withdrawn from Plaintiff's account at sFox back to Plaintiff; and 4) concealing from Plaintiff the fact that the theft of its cryptocurrency was carried out by someone at its own company Seamless Crypto.

47. As a result of the acts of Formidium, 130ETH has been absconded with by Defendant which improperly gained access to Plaintiff's API Key and traded and withdrew cryptocurrency without Plaintiff's authorization or consent. Defendant simply abused Plaintiff's API Key or did not keep Plaintiff's API Key confidential, and allowed it to be either accessed and/or utilized improperly.

48. Formidium's acts lacked any care, or were the result of an extreme departure of what a reasonably careful person would have done in the same situation. A reasonably careful person would, among other things, have had protocols in place to prevent the API Key from being improperly utilized and accessed.

49. As a direct and proximate result of Formidium's actions, ZRCP has been damaged in an amount to be proven at trial, but believed to exceed $1,400,000.00.

50. Upon information and belief, Formidium's actions have been and continue to be malicious, oppressive, and willful, and were engaged in with conscious disregard for ZRCP and its investors, thus justifying an award of punitive and exemplary damages.

## CLAIM VI
## (NEGLIGENCE)

51. Plaintiff realleges and incorporates by reference Paragraphs 1 through 21 inclusive of this Complaint as though fully set forth herein.

52. Defendant Formidium, as Plaintiff's agent- *i.e.*, Fund Services Provider, owed a duty of care to ZRCP to only use its API Key for Plaintiff's benefit, and pursuant to Plaintiff's authorization and consent. Formidium also owed a duty of care to Plaintiff to not permit third parties to access or use Plaintiff's API Key to trade on Plaintiff's account at sFox without Plaintiff's authorization or consent.

53. Plaintiff is informed and believes and thereon alleges that Formidium breached its duty to ZRCP by, among other things: 1) using, or allowing a third party to access and use Plaintiff's API Key to trade cryptocurrencies without Plaintiff's authorization or consent; 2) withdrawing, or allowing a third party to withdraw 130ETH from Plaintiff's account at sFox; 3) failing to return cryptocurrencies which were withdrawn from Plaintiff's account at sFox back to Plaintiff; and 4) concealing from Plaintiff the fact that the theft of its cryptocurrency was carried out by someone at its own company Seamless Crypto.

54. As a result of the acts of Formidium, 130ETH has been absconded with by Defendant which improperly gained access to Plaintiff's API Key and traded and withdrew cryptocurrency without Plaintiff's authorization or consent. Formidium simply abused Plaintiff's API Key or did not keep Plaintiff's API Key confidential, and allowed it to be either accessed and/or utilized improperly.

55. Formidium's acts lacked any care, or were the result of an extreme departure of a reasonably careful person would have done in the same situation. A reasonably careful person would, among other things, have had protocols in place to prevent the API Key from being improperly utilized and accessed.

56. As a direct and proximate result of Formidium's actions, ZRCP has been damaged in an amount to be proven at trial, but believed to exceed $1,400,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, ZRCP prays for judgment against Formidium as follows:

1. For compensatory damages in an amount to be proven at trial, but believed to be in excess of $1,400,000.00.

2. For Plaintiff's attorneys' fees and costs.

3. For punitive and exemplary damages.

4. For all further relief this Court deems just and proper.

**Jury Demand**

Zeal Reserve Capital Partners, LP hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: October 25, 2023

        Z<small>EAL</small> R<small>ESERVE</small> C<small>APITAL</small> P<small>ARTNERS</small>, LP, a limited partnership

        By: _____/s/ Mia D. D'Andrea_____
                      One of Its Attorneys

Mia D. D'Andrea
David T.B. Audley
C<small>HAPMAN AND</small> C<small>UTLER LLP</small>
320 South Canal Street
27th Floor
Chicago, Illinois 60606